UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON, | : | |
| AS TRUSTEE FOR BS ALT A 2005-9 | : | |
| | : | |
| v. | : | 3:11-cv-01255-WWE |
| | : | |
| SONJA V. BELL, JONATHAN BELL, AND | : | |
| FEDERAL DEPOSIT INSURANCE | : | |
| CORPORATION AS RECEIVER FOR | : | |
| AMTRUST BANK | : | |

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff Bank of New York Mellon brought this foreclosure action against defendants Sonja and Jonathan Bell and the Federal Deposit Insurance Corportation as receiver for Amtrust Bank. Defendants Sonja and Jonathan Bell have filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

For the following reasons, defendants' motion to dismiss will be denied.

**BACKGROUND**

For purposes of ruling on this motion to dismiss, the Court accepts the allegations of the complaint as true and draws all inferences in favor of plaintiff.

On June 17, 2005, defendant Sonja Bell executed and delivered to Altara Home Mortgage, LLC, an adjustable rate note for a loan in the original principal amount of $650,000.00. To secure the note, defendant executed a mortgage on the property and delivered it to Mortgage Electronic Registration Systems, Inc. as nominee for Altara Home Mortgage, LLC. The Mortgage was dated June 17, 2005, and recorded June 23, 2005 in volume 2205 at page 298 of the Glastonbury land records.

1

The mortgage was assigned to plaintiff as trustee for BS Alt A 2005-9 by virtue of an assignment of mortgage recorded in volume 2523 at page 279 of the Glastonbury land records on January 24, 2008.  Plaintiff as trustee is also the holder of the original note.

Plaintiff has provided written notice in accordance with the note and mortgage to defendant of her default under the note and mortgage, but she has failed to cure the default.  Thus the note is in default, and plaintiff has elected to accelerate the balance due under the note, to declare the note to be due in full, and to foreclose the mortgage securing the note.

Accordingly, plaintiff seeks foreclosure of the mortgage, possession of the property, money damages, reasonable attorney's fees, interest, costs of suit, and deficiency judgment against defendants.

Defendants Sonja and Jonathan Bell have moved to dismiss for failure to state a claim upon which relief can be granted based on a statute of limitations defense.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).   A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Defendant contends that plaintiff fails to state a claim upon which relief can be granted in that the claims set forth in the complaint are barred by the applicable statute of limitations as set forth in Connecticut General Statutes §52-588.

Section 52-588 provides:

> No action shall be brought on a negotiable note, if the holder thereof has been notified in writing by the maker thereof, or his attorney or agent, that such note was obtained of the maker in pursuance of a conspiracy, or of a general intent to defraud, unless the same is brought within one year after such notice was given, or six months after such note became due; nor shall any claim on such note be maintained against the estate of any deceased person or insolvent debtor, unless such claim is presented within the time above specified after notice as aforesaid. If any such note is negotiated after it is due, the provisions of this section shall be held to apply to any action or proceeding founded upon such note in as full a manner as if the plaintiff had been the holder of such note at the time when such notice was given.

Defendants acknowledge that statute of limitations defenses are most often pleaded as affirmative defenses because they require factual inquiry beyond the face of the complaint.  However, defendants argue that, here, the defense is properly raised because dates in the complaint show that the action is barred by Section 52-588's statute of limitations.  See OBG Tech. Servs., Inc. v. Northrop Grumman Space & Mission Sys. Corp., 503 F.Supp. 2d 490, 503 (D. Conn. 2007).

Defendants argue that pursuant to Section 52-588, because plaintiff was on notice that the mortgage note was obtained in pursuance of a conspiracy or of a general intent to defraud, plaintiff was obligated to bring suit within six months after the note became due.

To hold that plaintiff's complaint is barred would require the Court find that (1)

Section 52-588 applies to foreclosure actions; (2) defendants notified the holder of the note in writing that such note was obtained of the maker in pursuance of a conspiracy, or of a general intent to defraud; and (3) defendant's account of the time-line is correct. Plaintiff disputes all three of these contentions.  While the applicability of Section 52-588 is a matter of law, defendants' factual contentions regarding notice and timing are not evident from the complaint or incorporated by reference.  Since these affirmative defenses do not appear from the face of the complaint, they may not be raised by a pre-answer motion to dismiss.  See Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998).  As the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader, defendants' motion to dismiss will be denied.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is DENIED.


Dated this 25th day of September, 2012 at Bridgeport, Connecticut.


_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE