UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BANK OF NEW YORK MELLON<br>as Trustee for BS ALT A 2005-9,<br>    Plaintiff, | :<br>:<br>:<br>: |
| v. | :    3:11-cv-01255-WWE |
| SONJA BELL and JONATHAN BELL,<br>    Defendants. | :<br>:<br>: |

### MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR RECONSIDERATION

Defendants Sonja and Jonathan Bell have moved for reconsideration of the Court's decision to deny them a stay pursuant to Rule 41(d). For the following reasons, defendants' motion for reconsideration will be granted, but the Court adheres to its decision to deny a stay.

### BACKGROUND

Plaintiff Bank of New York Mellon brought this foreclosure action against defendants after voluntarily dismissing a related state court action.

On March 11, 2012, defendants filed a joint motion to stay the instant case pursuant to Rule 41(d), which provides:

> (d) Costs of a Previously Dismissed Action. If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>
> (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d).

On March 25, 2013, after defendants' motion for stay was fully briefed, the Court issued a stay and scheduled a status conference for April 2, 2013. At the status conference, the parties

were informed that the case would be stayed until June 10, 2013.  In the meantime, the Court instructed defendants to obtain a ruling from the Connecticut Superior Court on whether it had jurisdiction over defendants' motions for accounting of costs and fees in the related state court action: CV-07-5013037.

On June 6, 2013, the Court received notice that the state court had jurisdiction over defendants' motions for accounting of costs and fees.  The state court intended to resume trial court level proceedings regarding payment of costs when all pending appellate proceedings related to the case concluded.

Plaintiff's motive in dismissing the prior action was to perfect evidence of standing.  Thus, plaintiff brought the instant case in good faith.  In light of the state court's assertion of jurisdiction over defendants' motions for costs in the prior, related case, this Court declined to stay the instant case pursuant to Rule 41(d).

## DISCUSSION

Reconsideration will be granted only if the moving party identifies controlling decisions or data that the court overlooked and that could reasonably be expected to alter the court's decision.  See Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration may not be used simply to relitigate an issue that has been decided adversely to the movant.  Joyce v. Semple, 2012 U.S. Dist. LEXIS 150294 (D. Conn. 2012).

Rule 41(d) states that a court "*may* order the plaintiff to pay all or part of the costs of [a] previous action; and *may* stay the proceedings until the plaintiff has complied," but such authority is discretionary.  Zucker v. Katz, 708 F. Supp. 525, 539 (S.D.N.Y. 1989); Larson v. Senate of the Commonwealth of Pa., 955 F. Supp. 1549, 1582 (M.D. Pa. 1997); Esquivel v. Arau, 913 F. Supp. 1382, 1387 (D.C. Cal 1996).  Nevertheless, defendants argue that both

Supreme Court and Second Circuit precedent mandate a stay.

Defendants cite Schiff v. Simon & Shuster, Inc., 766 F.2d 61, 62 (2d Cir. 1985) and Henderson v. Griffin, 30 U.S. 151, 158-159 (1831) for the proposition that a plaintiff "must pay the costs of the prior action before it will be allowed to maintain a second action." Neither case supports defendants' contention, and federal courts agree that action pursuant to Rule 41(d) is subject to the broad discretion of the court. JAMES WM. MOORE ET AL., 8-41 MOORE'S FEDERAL PRACTICE - CIVIL § 41.70 (3d ed. 2013). Moreover, defendants are simply repeating arguments already made in support of their original motion for stay. Accordingly, defendants' motion for reconsideration is GRANTED, but the Court adheres to its decision to deny a stay.

Dated this 19th day of September, 2013, at Bridgeport, Connecticut.

/s/
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE