UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BANK OF NEW YORK MELLON, as Trustee for BS ALT A 2005-9,<br>    Plaintiff,<br><br>    v.<br><br>SONJA BELL and<br>JOHNATHAN BELL,<br>    Defendants. | No. 3:11-cv-1255 (JAM) |

**RULING ON DEFENDANTS' MOTION FOR NEW TRIAL**

After a five-day bench trial from September 22 to September 26, 2014, plaintiff Bank of New York Mellon prevailed in this action seeking foreclosure on the home of defendants Sonja and Johnathan Bell. On December 18, 2014, I issued a ruling with my findings of fact and conclusions of law (Doc. #274), in which I found by a preponderance of the evidence each of the required elements to permit foreclosure and assessment of deficiency for amounts past due: (1) that plaintiff owned the debt secured by defendants' property, (2) that defendants were in default on that debt (having paid neither their mortgage nor real estate taxes in over seven years), and (3) that plaintiff had met all conditions precedent to foreclosure required by the mortgage. I found defendants' numerous affirmative defenses to be without merit, and I concluded that judgment should enter.

Defendants now move for a new trial (Doc. #293) on two principal grounds. First, they contend that the case should be dismissed, because the Connecticut state courts allegedly retained prior exclusive jurisdiction over this matter. Second, they contend that the trial was invalid because it was in violation of their Seventh Amendment right to a jury trial. Because I

conclude that both claims and other arguments raised by defendants are without merit, I will deny the motion for new trial.

## DISCUSSION

Rule 59(a)(1)(B) of the Federal Rules of Civil Procedure provides that a district court may, on motion, grant a new trial "after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Rulings on motions under Rule 59(a) "are committed to the sound discretion of the district court." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 143 (2d Cir. 1998). The standard for granting a new trial is high. The Second Circuit has pointed to Rule 61 as providing a "workable test for when to grant a new trial, counseling that no error is ground for granting a new trial 'unless refusal to take such action appears to the court inconsistent with substantial justice.' That is to say, a trial court should be most reluctant to set aside that which it has previously decided unless convinced that it was based on a mistake of fact or clear error of law, or that refusal to revisit the earlier decision would work a manifest injustice." *LiButti v. United States,* 178 F.3d 114, 118-19 (2d Cir. 1999) (quoting Fed. R. Civ. P. 61). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' . . . ." *Sequa*, 156 F.3d at 144. *See also* 11 Charles A. Wright et al., Federal Practice & Procedure § 2804 (3d ed.) [hereinafter Wright & Miller] ("A motion for a new trial in a nonjury case ... should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons.").

### A. Prior Exclusive Jurisdiction

Defendants' argument about the supposed "prior exclusive jurisdiction" of the state court has been raised and found unavailing twice before. They first raised it in a motion to dismiss

2

filed on November 27, 2013, and that motion was denied. Hr'g Tr., Mar. 14, 2014, Doc. #139 at 31-32. They brought the same argument at trial and in post-trial briefs, and it was addressed in my findings of fact and conclusions of law. Doc. #274 at 11-12.

Defendants do not offer any previously overlooked case, any compelling argument that the Court previously misapprehended the law, or any reason to believe they raise this argument again now as something other than an attempted third bite at the apple. Their argument is inconsistent with the fact that the defendants themselves have previously filed a federal lawsuit (now withdrawn) seeking declaratory relief with respect to their mortgage. *See Bell v. Bank of New York*, 3:11-cv-624 (SRU). For the reasons previously determined, the doctrine of prior exclusive jurisdiction does not bar this foreclosure action and related litigation in federal court.

### B. Severance and Right to Jury Trial

Defendants move for a new trial on the ground that their counterclaim was allegedly improperly severed from the foreclosure claim, and on overlapping grounds that they believe they were entitled to a jury trial on both plaintiff's claim and their counterclaim and on factual issues that are common to both the claim and counterclaim. Defendants' counterclaim is alleged on the last two pages of defendants' 85-page pleading, titled "Answer, Special Defenses, and Counterclaim." Doc. #164 at 82-83. Those two pages begin under a heading that reads "Counterclaim" and "First Counterclaim: CUTPA," which I interpret to be a claim for relief under the Connecticut Unfair Trade Practices Act. The allegations of the CUTPA counterclaim refer to the FDCPA (which I take as a reference to the Fair Debt Collection Practices Act) and also include a line stating that "[t]he Defendant recites the Affirmative Defenses as if fully restated herein." *Id.* at 83.

3

For purposes of the present motion, I assume that the counterclaim sufficiently pleads a viable CUTPA claim. Prior to the trial of the foreclosure action and before the matter was assigned to me, Judge Underhill granted plaintiff's motion to sever the CUTPA counterclaim pursuant to Fed. R. Civ. P. 21 and to stay the litigation of the counterclaim pending the trial of the foreclosure action. Doc. #183. Because the counterclaim was severed, its mere pendency does not block entry of judgment in the foreclosure action. *See* 9A Wright & Miller § 2387 (3d ed.) ("[S]evered claims become entirely independent actions to be tried, and judgment entered thereon, independently.")

A district court has broad discretion to grant a motion to sever under Fed. R. Civ. P. 21. *See, e.g.*, *Estate of Amergi ex rel. Amergi v. Palestinian Auth.*, 611 F.3d 1350, 1367 (11th Cir. 2010); *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 558 (1st Cir. 2003). Judge Underhill heard the arguments of the parties and granted plaintiff's motion to sever the foreclosure claim from the CUTPA counterclaim, finding that "it would be in the interests of justice and judicial economy to sever the counterclaim from the equitable foreclosure action" and to stay all action on the counterclaim while the parties focused their attention on the foreclosure. Hr'g Tr., Aug. 7, 2014, Doc. #299 at 2-3. There is a strong policy in favor of expeditious determinations in foreclosure actions, which is reflected in Connecticut statute by means of an express grant to foreclosures (among various other case categories) of precedence in the order of trial. *See* Conn. Gen. Stat § 52-192 (listing categories of cases, including foreclosures, that "shall have precedence over all other civil actions in respect to the order of trial"); *Ne. Sav., F.A. v. Plymouth Commons Realty Corp.*, 229 Conn. 634, 642, 642 A.2d 1194 (1994) (noting "the parties' interest in an expeditious determination of the foreclosure action").

The facts of this case are a good example why the law favors expeditious determination of foreclosure actions. Having received more than half a million dollars to finance their home, plaintiffs have paid nothing on their mortgage for more than seven years. Nor have they paid any of their real estate taxes for the past seven years, and the plaintiff bank instead has had to pay these taxes in order to maintain the priority of security in the property. Defendants have everything to gain from continued delay of these proceedings in all manner possible.

It is far from apparent that a foreclosure claim should necessarily be tried together with a CUTPA claim. The simple elements of a foreclosure action—that the foreclosing party demonstrates ownership of the secured debt, that there has been a default on that debt, and satisfaction of conditions precedent to foreclosure required by the mortgage deed—may be satisfied despite CUTPA violations by the foreclosing party of the sort defendants allege. A CUTPA violation, if proved, may entitle a party at best to some money relief, but is not an automatic defense to an otherwise valid foreclosure. Nor would any CUTPA violation magically "cure" defendants' failure to pay their mortgage and taxes for more than seven years. I cannot conclude that it was error or an abuse of discretion to sever the foreclosure action from the CUTPA counterclaim.

Defendants misplace their reliance on *Spencer, White & Prentis Inc. of Connecticut v. Pfizer Inc.*, 498 F.2d 358 (2d Cir. 1974). There, the Second Circuit dismissed an appeal *sua sponte* for lack of appellate jurisdiction, finding that the trial court had "transparently" confused Rules 21 and 42(b), *id.* at 362, when it simultaneously severed a main claim from a counterclaim and granted summary judgment on the main claim in order to make the summary judgment final for purposes of appeal, which was "in derogation of the finality requirements of 28 U.S.C. § 1291." *Id.* at 364. That circumstance has no applicability here.

Defendants contend that having the foreclosure claim determined by bench trial violated their rights to a jury trial under the Seventh Amendment to the U.S. Constitution. They raise two sub-arguments. First, defendants contend (Doc. #293-1 at 3-5) that they had a Seventh Amendment right to a jury trial because plaintiff's claim sought not only a judgment of foreclosure but also an award of money damages. I reject this claim, because there was no trial on a legal claim for money damages in this case. The Court considered the issue of a judgment of foreclosure and a related deficiency assessment to which no right to jury trial attaches. *See Damsky v. Evatt*, 289 F.2d 46, 54-57 (2d Cir. 1961) (no Seventh Amendment right to jury trial for deficiency proceeding related to foreclosure proceeding); *see also FDIC v. Voll*, 38 Conn. App. 198, 205-10 (1995) (rejecting right-to-jury claim under the Connecticut Constitution, art. 1, § 19, to a lawsuit seeking foreclosure and deficiency judgment).

Second, defendants claim that their constitutional right to a jury trial on the CUTPA counterclaim required that any factual findings that are common to resolution of both the foreclosure claim and the CUTPA counterclaim have been made in the first instance by a jury rather than by the Court at a bench trial.[1] But this claim fails because there is no Seventh

---

[1] Defendants rely on cases such as *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959), and *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962), concluding that the Seventh Amendment right to a jury for factual determinations on legal issues should not be lost though prior judicial determination of facts on equitable ones. *See, e.g., Elm Ridge Expl. LLC v. Engle*, 721 F.3d 1199, 1222 (10th Cir. 2013) (noting that "when a party joins legal claims as counterclaims to a foreclosure action, the party does not waive the right to a jury trial on those legal claims" and that the federal constitutional right to a jury trial "must be preserved by trying the legal claims first (or at least simultaneously with the equitable claims), and the jury findings on any common questions of fact must be applied when the court decides the equitable claims") (internal quotations, brackets, and citation omitted); *Lee Pharmaceuticals v. Mishler*, 526 F.2d 1115, 1116-17 (2d Cir. 1975) (*per curiam*) (noting that for purposes of the Seventh Amendment that "[t]he fact that the demand for money damages is contained in [defendant's] counterclaim is of no import in consideration of the jury trial question" and that "[s]ince the legal issues raised in [defendant's] counterclaim arise out of the same factual circumstances and mirror those asserted in [plaintiff's] complaint, [defendant] is entitled, as it requested, to a jury determination of 'all issues raised by the complaint, answer and counterclaim'"); *but see N.E. Sav.* 229 Conn. at 642 n.11 (noting that "the defendants are entitled to a jury trial only on their legal counterclaim and not on the foreclosure action" and that "the trial court must determine whether to conduct the trial of the legal and equitable claims jointly or separately" in light of "judicial economy" concerns and "the parties' interest in an expeditious determination of the foreclosure action") (applying state law).

Amendment right to a jury trial for a CUTPA claim. *See Nuclear Mgmt. Corp. v. Combustion Eng'g, Inc.*, 83 F. Supp. 2d 312, 313 (D. Conn. 2000) ("CUTPA's 'nature' and remedies tend to be equitable, and … CUTPA does not create a [federal] right to a trial by jury."); *Tesco Enterprises, Inc. v. Fibredyne Corporation, et al.*, No. 2:90-cv-856 (AWT) (D. Conn. 1995) (same); *see also Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41-42 (1989) (to determine whether a claim is within the scope of the Seventh Amendment, a court should (1) compare the statutory action to 18th-century actions brought before the merger of courts of law and equity, and (2) determine whether the remedy is legal or equitable in nature).

The Connecticut Supreme Court has likewise concluded that there is no right to a jury trial for a CUTPA claim under the Connecticut Constitution, which embraces a right to jury trial in terms that are nearly identical to the Seventh Amendment. *See Associated Inv. Co. P'ship v. Williams Associates IV*, 230 Conn. 148 (1994). As the Connecticut Supreme Court has extensively and persuasively reasoned, a CUTPA action is essentially equitable in character, and there are manifold differences between a CUTPA action and a traditional common law tort claim for which a jury trial would be constitutionally required. *Id.* at 155-62. These same reasons warrant rejection of any claim that the Seventh Amendment entitles a litigant to a jury trial for a CUTPA claim in a federal court.

It is irrelevant to defendants' claim for a new trial on plaintiff's foreclosure claim that the Connecticut legislature has more recently enacted a statute to provide for a right to jury trial in CUTPA actions. *See Meyers v. Cornwell Quality Tools, Inc.*, 41 Conn. App. 19, 27 n.14 (1996) (citing Conn. Gen. Stat. § 42-110g(g)). The issue for purposes of defendants' motion for a new trial is whether a jury trial was required on plaintiff's foreclosure/deficiency claim. There is no claim that any state statute or law generally requires a jury trial for a foreclosure/deficiency

claim or, correlatively, that any state law commands a jury trial on a foreclosure claim if any counterclaim happens to be triable to a jury (and assuming such counterclaim were not otherwise severed).[2] Accordingly, in the absence of any constitutional right to have common fact issues determined in the first instance by a trial jury, the fact that Connecticut statutory law now provides for a jury trial in CUTPA cases has no bearing on the validity of the Court's determination of plaintiff's foreclosure claim by means of a bench trial.

## CONCLUSION

For the reasons set forth above, defendants' motion for a new trial (Doc. #293) is DENIED. By separate order, the Court has also granted plaintiff's motion for attorney's fees and costs. Plaintiff shall submit a proposed order of judgment and setting forth law days.

So ordered.

Dated at Bridgeport, Connecticut, this 24th day of February 2015.

/s/
Jeffrey Alker Meyer
United States District Judge

---

[2] Indeed, although it will not be necessary for me to determine the issue until adjudication of the counterclaim, it is doubtful that a state law statutory right to a jury trial is a substantive—not procedural—such that the *Erie* doctrine requires a jury trial even for the CUTPA claim in a federal court. *See Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 465 (1996) (Scalia, J., dissenting) ("But no one would argue that *Erie* confers a right to a jury in federal court whenever state court would provide it; or that, were it not for the Seventh Amendment, *Erie* would require federal courts to dispense with the jury whenever state courts do so"). Defendants do not otherwise identify any *federal* statute or rule that required a jury trial for any claim in this action.