UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BANK OF NEW YORK MELLON, as Trustee for BS ALT A 2005-9<br>    Plaintiff,<br><br>    v.<br><br>SONJA BELL and<br>JOHNATHAN BELL,<br>    Defendants. | No. 3:11-cv-1255 (JAM) |

**RULING ON MOTIONS (#315, #316, #324)**

Plaintiff in this case has been attempting to foreclose on Sonja and Johnathan Bell's property since September of 2007—first in state court and since 2011 in federal court. It has now been more than seven years that defendants have been living in their home while making no payments on the mortgage and paying no property tax (which has been paid instead by the plaintiff). The total debt, including interest and back taxes, has reached nearly a million dollars, while the fair market value of the home, according to an appraisal introduced at trial, is $550,000. After a five-day bench trial on the foreclosure action in September of 2014, I found for plaintiff and issued my Findings of Fact and Conclusions of Law on December 18, 2014 (Doc. # 274). Defendants filed a motion for a new trial, which I denied in an opinion issued on February 24, 2015 (Doc. # 311). I issued an Amended Judgment of Strict Foreclosure with Order of Law Days on March 3, 2015 (Doc. # 314). Defendants have now filed a motion requesting additional findings under Rule 52(b) of the Federal Rules of Civil Procedure (Doc. # 315), another motion seeking a new trial (Doc. # 316), and an emergency motion seeking a stay of judgment pending appeal (Doc. # 324).

For the reasons that follow, all three motions are denied. In view of the imminence of the law days set for the property at issue, if defendants wish to seek a stay pending appeal from the U.S. Court of Appeals for the Second Circuit pursuant to Fed. R. App. P. 8, then defendants should immediately seek such relief before the Second Circuit.

*Motion for Additional Findings under Rule 52(b)*

Defendants' Rule 52(b) motion is a five-page enumeration of those aspects of my Findings of Fact and Conclusions of Law with which they disagree, with 26 interrogatory-style requests that the Court furnish additional findings. But "[t]he purpose of post-judgment motions under Rule 52(b) is to give the district court an opportunity to correct manifest errors of law or fact at trial, or in some limited situations, to present newly discovered evidence," and "to succeed under Rule 52(b), the defendants must show that the Court's findings of fact or conclusions of law are not supported by the evidence in the record." *United States v. Local 1804-1, Int'l Longshoremen's Ass'n*, 831 F. Supp. 167, 169 (S.D.N.Y. 1993), *aff'd sub nom. United States v. Carson*, 52 F.3d 1173 (2d Cir. 1995). Defendants do not identify any such errors, and I decline to amplify or expand on my prior findings.

*Second Motion for a New Trial under Rule 59*

Defendants' renewed Rule 59 motion for a new trial (the second such motion) is in most of its substance a restatement and summary of arguments that defendants have already made and that I have not found persuasive. The only new argument is that "non-mutual collateral estoppel" should be applied against plaintiff because of a recent decision by the Bankruptcy Court for the Southern District of New York, which found that Wells Fargo had fabricated some documents or modified them after-the-fact to aid in other foreclosure actions. That decision was made after the trial and findings in this case, it was decided against Wells Fargo rather than plaintiff in this case, and it did not concern the validity of documents that I have found to be reliable in this case.

"Nonmutual collateral estoppel refers to the situation in which one party is barred from relitigating an issue decided in a previous proceeding," *United States v. Ustica*, 847 F.2d 42, 49 n.14 (2d Cir. 1988), but in the present case, defendants propose going back and undoing the findings of a previous proceeding in order to conform them to the findings of a *subsequent* proceeding. Even apart from that problem of timing, the Supreme Court has repeatedly "emphasize[d] the fundamental nature of the general rule that a litigant is not bound by a judgment to which she was not a party," *Taylor v. Sturgell*, 553 U.S. 880, 898 (2008), and defendants offer no argument why plaintiff in this case should be bound by a decision in a case in which this plaintiff was not a party.

"It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). For substantially the same reasons that the last motion for a new trial was denied, the new motion for a new trial is denied.

### *Motion for Stay Pending Appeal*

Defendants move for a stay of judgment pending appeal.[1] The factors governing such a motion include: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also In re World Trade Center Disaster Site Litigation*, 503 F.3d 167, 170 (2d Cir. 2007) (same).

---

[1] Although plaintiff has yet to file a written opposition to defendants' motion to stay, plaintiff's counsel has previously stated during court proceedings that plaintiff would oppose a stay pending appeal.

In light of a balancing of all these factors, I conclude that a stay is not warranted here. First, defendants have not made a strong showing of success on the merits. They had a full and fair trial, and the claims that they continue to press are based mostly on a surmise that there has been fraud and a grand conspiracy against them. I might think differently of this case if there were a significant issue of law in the balance for an appellate court to resolve, but defendants raise factbound (and, in my view, meritless) claims that the evidence against them was false or fabricated. Second, defendants will suffer irreparable harm because of the loss of the house in which they presently live with their children. But this consideration should be balanced with the fact that they have already had the benefit of living for free in that house for more than seven years, because they have failed to pay any mortgage or property taxes. Their "harm" in this sense is that they may be required—like the rest of the population in general—to pay for their own housing. In addition, they have had many months since my bench trial verdict last December to prepare to move to another home. Third, issuance of a stay would substantially injure plaintiff, because plaintiff would continue to bear the risk of a loss of property value and the burden to continue paying property taxes throughout the months and years that an appeal could last. Fourth, the public interest is not significantly affected one way or another by this case.

In short, although defendants will suffer irreparable harm from the loss of their house, this factor is strongly outweighed by other factors as described above. *See, e.g., Bank of New York Mellon v. Worth,* 2015 WL 1780719 (denying motion to stay pending appeal in foreclosure case)*; United States v. Lang,* 2008 WL 4104224, at *2 (S.D. Cal. 2008) (denying stay pending appeal; "while identifying substantial irreparable harm if his home is sold, Defendant has not set forth any analysis in support of the likelihood of success on the merits element," and "[a]bsent some showing of the likelihood of success on the merits, a stay is not appropriate"); *United*

4

*States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1323 (M.D. Fla. 2011) (denying stay pending appeal in home foreclosure action where homeowner "has nothing approaching a meritorious defense to the foreclosure" and further noting that "[u]nless the judiciary chooses to grant an automatic stay in any case—regardless of merit—if a residence is subject to foreclosure (and the judiciary has never so chosen), the motion for a stay warrants denial").

Defendants otherwise contend that a stay is warranted under Fed. R. Civ. P. 62(f), which provides that "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give."[2] The Second Circuit has applied Rule 62(f) in the context of Connecticut law involving a motion for stay pending appeal from a mortgage deficiency judgment. *See FDIC v. Ann-High Associates*, No. 97-6095, 1997 WL 1877195 (2d Cir. Dec. 2, 1997) (*per curiam*). For reasons unknown, the Second Circuit's ruling in *Ann-High Associates* did not find its way to formal publication in the Federal Reporter, but it is clear from the Second Circuit's ruling that it was intended to be a precedential *per curiam* opinion rather than a non-precedential summary order. *See id.* at *1 (noting that the issue of Rule 62(f) "is a matter of first impression in this Court" warranting a statement of "reasons for denying the motion [for stay] in a separate opinion" from the underlying order).

In *Ann-High Associates*, the Second Circuit concluded that Rule 62(f) seeks to balance consideration of whether a judgment debtor would be entitled to a stay pending appeal under state law if the action were in state court with consideration of the federal policy of providing a judgment creditor with adequate security during the pendency of an appeal. *Id.* at *2 (citing *Federal Ins. Co. v. County of Westchester*, 921 F. Supp. 1136, 1138 (S.D.N.Y. 1996)).

---

[2] Defendants also rely upon Fed. R. Civ. P. 62(b), which allows for a stay pending appeal in cases where there are certain motions pending, but this provision is now inapplicable in view that I have now ruled upon defendants' motions for new trial.

5

Accordingly, the Court of Appeals made clear that even if an appellant would be entitled to a stay of appeal under state law, a court should "determine whether a particular federal judgment can be *adequately* secured by a lien under the state's lien law *as a matter of fact*." *Id.* at 3 (emphasis added). Thus, an appellant is entitled to a stay without posting a supersedeas bond only if the appellant is able to demonstrate three requirements: "not only (1) that state law entitles it to appeal without a bond and (2) that a judgment can be made a lien against a judgment debtor's property under the state's lien law, but also (3) that the circumstances are such that the judgment creditor can readily establish a lien that will be adequate to secure the judgment." *Id.* at *4. That three-factor approach "strikes the appropriate balance between the two objectives of Rule 62(f)—providing security to the judgment creditor and promoting conformity between state and federal stay proceedings." *Id.*

As to the first of the *Ann-High* requirements, it appears that a foreclosure judgment is subject to a stay pending appeal in the Connecticut state courts. *See Farmers & Mechanics Sav. Bank v. Sullivan*, 216 Conn. 341, 347-48 (1990); Conn. Practice Book § 61-11.[3] As to the second of the *Ann-High* requirements, it is unclear to me that a judgment of strict foreclosure—in contrast to a judgment for money damages or for a deficiency judgment (as on the facts of *Ann-High*)—is not tantamount to a lien on the property that is subject to foreclosure. I need not decide that issue, however, because it is clear to me that defendants cannot meet the third of the *Ann-High* requirements: "that the circumstances are such that the judgment creditor can readily establish a lien that will be adequate to secure the judgment." 1997 WL 1877195, at *4. Defendants have not proffered any security or assets beyond the property itself. And the property

---

[3] In view that Fed. R. Civ. P. 62 governs whether to grant a stay and that the decision whether to issue a stay is essentially procedural, defendants are incorrect that I should simply defer under *Erie* principles to the rule of state law that would allow a stay pending appeal in a state court. *See, e.g., Hanna v. Plumer*, 380 U.S. 460, 469 (1965) (noting "incorrect assumption that the rule of *Erie R. C. v. Tompkins* constitutes the appropriate test of the validity and therefore the applicability of a Federal Rule of Civil Procedure").

6

itself is not adequate security, because plaintiff has no security against defendant's waste or other diminution of the value of the property. Indeed, in view that defendants lost after trial and stake most of their claims of error on far-fetched claims that the evidence was fabricated against them, it is hard to see why they would have an incentive to maintain the value of the property during the months or years that an appeal might last in this case. And this is to say nothing of the fact that defendants refuse to pay their property taxes, thus imposing on plaintiff the ongoing burden to pay these taxes indefinitely throughout the appeal period. I have little confidence that plaintiff's interest would be adequately protected during an appeal. Accordingly, in light of *Ann-High*'s focus on whether adequate security exists to secure a judgment pending appeal, Rule 62(f) does not entitle defendants to a stay.

    Judge Shea has recently applied *Ann-High* in the context of a mortgage foreclosure action. *See Bank of New York Mellon v. Worth*, 2015 WL 1780719, at *4 (D. Conn. 2015). In terms equally applicable to this case, Judge Shea noted that defendant "has not provided any security warranting stay," and that "[b]ecause allowing a stay in these circumstances would leave the plaintiff-appellee without any more security than it already had by virtue of the mortgage—and thus no security against the possibility of diminution in value of the property—doing so would undermine the purposes of Rule 62(f)." *Ibid.*

## CONCLUSION

    For the foregoing reasons, the defendants' motions requesting additional findings (Doc. # 315), a new trial (Doc. # 316), and a stay of the judgment pending appeal (Doc. # 324) are denied. Their motions for extensions of time (Doc. ## 322, 325) are denied as moot. In view of the imminence of the law days set for the property at issue, if defendants wish to seek a stay

pending appeal from the U.S. Court of Appeals for the Second Circuit pursuant to Fed. R. App. P. 8, then defendants should immediately seek such relief before the Second Circuit.

So ordered.

Dated at Bridgeport, Connecticut, this 9th day of May 2015.

/s/ *Jeffrey Alker Meyer*  
Jeffrey Alker Meyer  
United States District Judge